# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MONICA JOHNSON,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 1:23-cv-01010-LF/JMR

COSTCO WHOLESALE CORPORATION,
JOHN DOE 1, AND JOHN DOE 2,

      Defendants.

### DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW the Defendant, Costco Wholesale Corporation ("Costco"), by and through its attorneys of record, Butt Thornton & Baehr PC (Monica R. Garcia and Kristin A. Dearth), and for its Answer to the Plaintiff's Complaint for Damages ("Complaint"), responds as follows:

1. Upon information and belief, Costco admits the allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2. Costco admits the allegations set forth in Paragraph 2 of the Complaint.

3. Costco admits the allegations set forth in Paragraph 3 of the Complaint.

4. Costco is without information and belief to either admit or deny the allegation set forth in Paragraph 4 of the Complaint and on that basis, denies same and demands strict proof thereof.

5. Costco is without information and belief to either admit or deny the allegation set forth in Paragraph 5 of the Complaint and on that basis, denies same and demands strict proof thereof.

6. Costco is without information and belief to either admit or deny the allegation set forth in Paragraph 6 of the Complaint and on that basis, denies same and demands strict proof thereof.

7. Costco is without information and belief to either admit or deny the allegation set forth in

Paragraph 7 of the Complaint and on that basis, denies same and demands strict proof thereof.

8. Upon information and belief, Defendant Costco admits the allegations set forth in Paragraph 8 of the Complaint.

9. Costco admits the allegations set forth in Paragraph 9 of the Complaint.

10. In response to the allegations set forth in Paragraph 10 of the Complaint, Costco admits that as of the date of filing its Answer, this Court has personal and subject matter jurisdiction over the names parties. Costco denies that the State of New Mexico, County of Bernalillo, Second Judicial District Court has personal and subject matter jurisdiction over the named parties.

11. In response to the allegations set forth in Paragraph 11 of the Complaint, Costco admits that as of the date of filing of its Answer, venue is proper in this Court. Costco denies that venue is proper in the State of New Mexico, County of Bernalillo, Second Judicial District Court.

## PLAINTIFF'S ASSERTIONS OF FACTUAL BASIS

12. Upon information and belief, Costco admits the allegation set forth in Paragraph 12 of the Complaint.

13. Upon information and belief, Costco admits the allegation set forth in Paragraph 13 of the Complaint.

14. Costco is without information or belief to either admit or deny the allegations set forth in Paragraph 14 of the Complaint and on that basis, denies same and demands strict proof thereof.

15. Costco is without information or belief to either admit or deny the allegations set forth in Paragraph 15 of the Complaint and on that basis, denies same and demands strict proof thereof.

16. Costco is without information or belief to either admit or deny the allegations set forth in Paragraph 16 of the Complaint and on that basis, denies same and demands strict proof thereof

17. Costco is without information or belief to either admit or deny the allegations set forth in

Paragraph 17 of the Complaint and on that basis, denies same and demands strict proof thereof.

18. Costco is without information or belief to either admit or deny the allegations set forth in Paragraph 18 of the Complaint and on that basis, denies same and demands strict proof thereof.

## COUNT I
## PLAINTIFF'S CLAIM OF NEGLIGENCE

Costco restates and reasserts its Answers to Paragraphs 1 through 18.

19. The allegation set forth in Paragraph 19 of the Complaint is an assertion of law as opposed to an assertion of fact to which no response is required. To the extent a response is required of Costco, it denies same and demands strict proof thereof.

20. The allegation set forth in Paragraph 20 of the Complaint is an assertion of law as opposed to an assertion of fact (duty/responsibility) to which no response is required. To the extent a response is required of Costco, it denies same and demands strict proof thereof.

21. The allegation set forth in Paragraph 21 of the Complaint is an assertion of law as opposed to an assertion of fact (duty/responsibility) to which no response is required. To the extent a response is required of Costco, it denies same and demands strict proof thereof.

22. The allegations set forth in Paragraph 22 of the Complaint is an assertion of law as opposed to an assertion of fact (duty/responsibility) to which no response is required. To the extent a response is required of Costco, it denies same and demands strict proof thereof.

23. Costco denies the allegation set forth in Paragraph 23 of the Complaint.

24. Costco denies the allegations set forth in Paragraph 24 of the Complaint.

25. Costco denies the allegations set forth in Paragraph 25 of the Complaint.

## COUNT II
### PLAINTIFF'S CLAIM OF NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION

Costco restates and reasserts its answers to Paragraphs 1 through 25.

26. The allegation set forth in Paragraph 26 of the Complaint is an assertion of law as opposed to an assertion of fact to which no response is required. To the extent a response is required of this Defendant, it denies same and demands strict proof thereof.

27. Costco denies the allegation set forth in Paragraph 27 of the Complaint.

28. The allegation set forth in Paragraph 28 of the Complaint is an assertion of law as opposed to an assertion of fact to which no response is required. To the extent a response is required of this Defendant, it denies same and demands strict proof thereof.

29. Costco denies the allegations set forth in Paragraph 29 of the Complaint.

## ASSERTION OF DEFENSES

Costco denies any liability to Plaintiff and pleads the following defenses. In asserting these defenses, Costco does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

1. Plaintiff's Complaint fails to state a claim against Costco upon which relief can be granted.

2. Costco states Defendants John Doe 1 and John Doe 2 are neither necessary nor proper parties to this matter and have been improperly joined as a party to this matter.

3. Costco states that venue is not proper in the Court where the Complaint was originally filed.

4. Costco states that Plaintiff suffered no injury, damage, or otherwise as a result of any acts or omissions by Costco or any of its employees.

5. Costco states that, upon information and belief, Plaintiff may have had a medical and/or pre-existing condition that was exacerbated by the incident at issue.

6. Costco states that Plaintiff may have failed to mitigate the damages requested in her Complaint.

7. Costco states that neither it, nor any of its employees, breached any duties it may have owed to Plaintiff, barring recovery herein.

8. Costco states that the damages to Plaintiff, if any, were the proximate result of an independent, intervening cause or force, thereby barring recovery herein.

9. Plaintiff has failed to state sufficient facts upon which to support their claim for pre-judgment interest against Costco.

10. To the extent Plaintiff asserts entitlement to an award of punitive damages as to/against any Defendant, none of the acts or conduct of Costco and/or its employees forms the basis for any such claim against them.

11. To the extent Plaintiff asserts entitlement to an award of punitive damages, such assertion is barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 120; Article II, Section 13; and Article II, Section 19, of the New Mexico Constitution. While under the facts of this case, any award of punitive damages is not justified, an award of punitive damages against any of any Defendant will constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

12. To the extent Plaintiff asserts entitlement to an award of punitive damages, and because any such assertion is intended to punish Defendants, it requires Plaintiffs to prove any such assertion beyond a reasonable doubt or, at a minimum, by clear and convincing evidence, and a jury would be required to vote unanimously in order to return a verdict for punitive damages against any Defendant.

13. Costco reserves the right to add to and amend the defenses set forth above as this matter progresses.

WHEREFORE, Defendant Costco Wholesale Corporation, having fully answered Plaintiff's Complaint, prays that the Court dismiss the action against it, with prejudice, award costs incurred in defending this action, and such other relief as the Court deems appropriate.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

*/s/ Monica R. Garcia*
Monica R. Garcia
Kristin A. Dearth
*Attorneys for Costco Wholesale Corporation*
P.O. Box 3170
Albuquerque, NM  87190
(505) 884-0777
mrgarcia@btblaw.com
kadearth@btblaw.com

I HEREBY CERTIFY that on the 22nd day of November, 2023, I filed the foregoing electronically through the electronic filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Mark P. Dinelli - mark@dinellilaw.com
Tyler J. Atkins - tyler@atkinswalker.com
*Attorneys for Plaintiff*

*/s/ Monica R. Garcia*
Monica R. Garcia